IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JASON HOOD,

    Petitioner,

v.

TIM BUCHANAN, WARDEN,
NOBLE CORRECTIONAL INST.,

    Respondent.

CASE NO. 2:19-cv-203
Judge Michael H. Watson
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Petition, Respondent's Motion to Dismiss and Supplemental Memorandum, Petitioner's Reply, and the exhibits of the parties. For the reasons that follow, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss (ECF No. 7) be **GRANTED** and that this action be dismissed.

### I. BACKGROUND

Petitioner challenges his November 10, 2015 convictions pursuant to his guilty plea in the Monroe County Court of Common Pleas on two counts of sexual battery of a child less than 13 years of age. (*See Plea of Guilty*, ECF No. 6, PAGEID # 62.) The Ohio Seventh District Court of Appeals summarized the facts and procedural history of the case as follows:

> {¶ 2} On August 15, 2014, a Monroe County Grand Jury indicted appellant on four counts of rape of a child under 13 years of age, first-degree felonies in violation of R.C. 2907.02(A)(1)(b), and three counts of gross sexual imposition, third-degree felonies in violation of R.C. 2907.05(A)(4).
>
> {¶ 3} Appellant initially entered a not guilty plea. But after negotiations, the state amended two of the rape counts to two counts of sexual battery, second-degree felonies in violation of R.C. 2907.03(A)(5). It dismissed the remaining five counts against appellant. Appellant then entered a guilty plea to the amended charges. The

parties also agreed to recommend a sentence of five years on each of the two sexual battery counts, to be served consecutively for a total sentence of ten years.

{¶ 4} The trial court accepted appellant's plea. It entered a judgment of conviction on November 10, 2015. The court imposed the recommended ten-year prison sentence. It also classified appellant as a Tier III sex offender. Appellant did not file a direct appeal.

{¶ 5} Over a year later, on December 8, 2016, appellant filed a postconviction petition in the trial court alleging ineffective assistance of counsel. He claimed his counsel was ineffective in failing to request a competency evaluation and in failing to investigate possible DNA evidence and possible fabricated evidence. Appellant also asserted that due to his counsel's ineffectiveness, he was unable to enter a knowing, voluntary, and intelligent plea.

{¶ 6} The state filed a motion for summary judgment. The state asserted that appellant had not demonstrated that his counsel's performance was deficient, or that he was prejudiced by the alleged deficient performance. It also argued that appellant's claims were barred by the doctrine of res judicata. Finally, the state asserted appellant had not supported his claims with sufficient operative facts to establish grounds for relief.

{¶ 7} The trial court denied appellant's petition without a hearing and granted the state's motion for summary judgment. The court first stated that appellant's claims were barred by the doctrine of res judicata. The trial court also found appellant failed to support his claims with sufficient operative facts to establish substantive grounds for relief. It noted that appellant provided only self-serving speculative assertions. Finally, the court determined that the record unequivocally showed that appellant knowingly and voluntarily entered the plea agreement.

{¶ 8} Appellant filed a timely notice of appeal on February 16, 2017. He now raises a single assignment of error.

{¶ 9} Appellant's sole assignment of error states:

THE TRIAL COURT ERRED IN SUSTAINING THE STATE'S MOTION FOR SUMMARY JUDGMENT WHICH RESULTED IN THE IMPROPER DENIAL OF MR. HOOD'S POST–CONVICTION MOTION.

{¶ 10} Appellant argues the trial court abused its discretion in denying his postconviction petition without holding a hearing. Appellant goes on to argue that his trial counsel was ineffective because counsel failed to investigate appellant's claims that his wife was engaged in an extramarital affair and fabricated evidence against him. He further claims his counsel failed to investigate evidence that more than one source of DNA was present. Next, appellant argues his counsel was ineffective during plea negotiations. He claims his counsel ignored his demands to

take his case to trial and told him that if he was convicted at trial, he would receive life in prison. Appellant claims he was pressured into accepting the plea.

*State v. Hood*, 7th Dist. No. 17MO0002, 2017 WL 6209688, at *1 (Ohio Ct. App. Dec. 4, 2017). On December 4, 2017, the appellate court affirmed the judgment of the trial court. *Id*. On May 9, 2018, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Hood*, 152 Ohio St.3d 1464 (Ohio 2018).

On January 21, 2019, Petitioner filed this habeas corpus Petition pursuant to 28 U.S.C. § 2254. He asserts that he was denied the effective assistance of counsel (claim one); and that his guilty plea was not knowing, intelligent, or voluntary, due to the ineffective assistance of trial counsel (claim two). It is the position of the Respondent that this action should be dismissed as barred by the one-year statute of limitations imposed under the provision of 28 U.S.C. § 2244(d).

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.*

Here, under the provision of § 2244(d)(1)(A), Petitioner's judgment of conviction became final on December 10, 2015, thirty days after the judgment of sentence, when the time period expired to file a timely appeal. *See Board v. Bradshaw,* 805 F.3d 769, 772 (6th Cir. 2015); Ohio App. R. 4(A). The statute of limitations began to run on the following day, and ran for a period of 363 days, until December 8, 2016, when Petitioner filed his petition for post-conviction relief in the state trial court. That action tolled the running of the statute of limitations until May 9, 2018, when the Ohio Supreme Court dismissed the appeal. The statute of limitations began to run again on the following day, and expired on May 14, 2018.[1] Petitioner waited more than eight months, until January 21, 2019, to file this habeas corpus Petition.

Petitioner contends that dismissal of this case as barred by the one-year statute of limitations will result in a manifest miscarriage of justice, because his guilty plea was not knowing, intelligent, and voluntary. He asserts that his wife falsely accused him, manipulated the alleged victims, and fabricated evidence and that defense counsel pressured him into entering the guilty plea, telling him that he would be sentenced to ten years to life if found guilty after a trial.[2] He additionally refers to his pro se incarcerated status as grounds for equitable tolling of

---

[1] May 12, 2018, fell on a Saturday, so the statute of limitations did not expire until May 14, 2018, the following Monday.
[2] The transcript of Petitioner's guilty plea hearing does not support this allegation. Rather, Petitioner explicitly denied being threatened or coerced into entering a guilty plea and expressed satisfaction with the services of defense counsel. (*Transcript*, ECF No. 6-1, PAGEID # 222.)

4

the statute of limitations and states that he was without the resources to retain counsel so as to file a timely habeas corpus Petition. (*See Reply*, ECF No. 9.)

The AEDPA's limitations period is not jurisdictional and is subject to equitable tolling. Equitable tolling of the statute of limitations, however, is granted sparingly in habeas cases. *See Hall v. Warden, Lebannon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011). In order to establish entitlement to equitable tolling, a petitioner must establish that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way and prevented him from filing in a timely fashion. *Holland v. Florida*, 560 U.S.641, 649 (2010) (citing *Pace,* 544 U.S. at 418)). The petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011).

The Supreme Court has allowed equitable tolling where a claimant actively pursued judicial remedies by filing a timely, but defective, pleading or where he was induced or tricked by his opponent's misconduct into allowing the filing deadline to pass. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990). Where the claimant failed to exercise due diligence in preserving his legal rights, courts are much less forgiving. *Id*.; *Jurado v. Burt*, 337 F.3d 638, 642–13 (6th Cir. 2003). A prisoner's pro se incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not provide a sufficient justification to apply equitable tolling of the statute of limitations. *Hall*, 662 F.3d at 751 (citation omitted). These are conditions typical for many prisoners and do not rise to the level of exceptional circumstances. *Groomes v. Parker,* No. 3:07–cv–0124, 2008 WL 123935, at *5 (M.D.Tenn. Jan.9, 2008) (citing *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004)). "The fact that Petitioner may be ignorant of the law and instead chose to rely on counsel, in itself, does not provide a basis for equitable tolling. Neither a prisoner's pro se status nor his lack of knowledge

of the law constitute[s] extraordinary circumstances justifying equitable tolling." *Taylor v. Palmer*, No. 2:14–cv–14107, 2014 WL 6669474, at *4 (E.D.Mich. Nov.11, 2014) (citing *Rodriguez v. Elo*, 195 F.Supp.2d 934, 936 (E.D.Mich. 2002); *Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness")). "Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." *Lawrence v. Florida,* 549 U.S. 327, 336–37 (2007) (citation omitted).

The foregoing authority demonstrates that Petitioner has failed to meet this burden of establishing entitlement to equitable tolling. In short, Petitioner does not allege, and the record does not reflect, any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *Holland*, 560 U.S. at 649.

Petitioner's assertion that dismissal of this action as time-barred will result in a manifest miscarriage of justice fails to persuade the undersigned to reach a different result. A petitioner's actual innocence can be a basis for equitable tolling when a petitioner "can present new evidence which undermines this court's confidence in the outcome of the trial." *Craig v. White*, 227 F. App'x 480, 481 (6th Cir. 2007) (citing *Souter v. Jones*, 395 F.3d 577, 600 (6th Cir. 2005); *Knickerbocker v. Wolfenbarger,* 212 F. App'x 426, 431–32 (6th Cir. 2007); *Stoker v. Watson*, 184 F. App'x 496, 497 (6th Cir. 2006); *Bolton v. Berghuis*, 164 F. App'x 543, 549–50 (6th Cir. 2006)). Accordingly, "a petitioner whose claim is otherwise time-barred may have the claim heard on the merits if he can demonstrate through new, reliable evidence not available at trial, that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Yates v. Kelly*, No. 1:11-cv-1271, 2012 WL 487991, at *1 (N.D. Ohio Feb. 14, 2012) (citing *Souter*,

6

395 F.3d at 590). Actual innocence means factual innocence, not mere legal sufficiency. *See Bousely v. United States*, 523 U.S. 614, 623 (1998). However, a petitioner must overcome a high hurdle in order to establish his actual innocence:

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115 S. Ct. 851, 130 L.Ed. 2d 808. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." Id. at 317, 513 U.S. 298, 115 S. Ct. 851, 130 L.Ed.2d 808 .... "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S. Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " Id. at 321, 513 U.S. 298, 115 S. Ct. 851, 130 L.Ed.2d 808.

*Souter*, at 589-90 (footnote omitted). "To invoke the miscarriage of justice exception to AEDPA's statute of limitations . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup*, 513 U.S. at 327). Petitioner does not refer to any credible evidence of actual innocence and has provided no new reliable evidence supporting his claim of actual innocence. Thus, Petitioner has failed to establish he is entitled to equitable tolling under this exception.

### III. DISPOSITION

For the foregoing reasons, it is **RECOMMENDED** that Respondent's Motion to Dismiss (ECF No. 7) be **GRANTED** and that this action be **DISMISSED**.

7

## **PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

**IT IS SO ORDERED**.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE