# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OHIO
# EASTERN DIVISION

Jason Hood,

    Petitioner,

v.

Tim Buchanan, Warden,
Noble Correctional Inst.,

    Respondent.

Case No. 2:19-cv-203
Judge Michael H. Watson
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

On April 18, 2019, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Respondent's Motion to Dismiss, ECF No. 7, be granted and that the Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). ECF No. 10. Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. ECF No. 11. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For the following reasons, Petitioner's Objection, ECF No. 11, is **OVERRULED**. The R&R, ECF No. 10, is **ADOPTED** and **AFFIRMED**. The Motion to Dismiss, ECF No. 7, is **GRANTED**. This case is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner objects to the recommendation of dismissal of this action as time-barred. He argues that equitable tolling of the statute of limitations should

be applied because he acted diligently in pursuing state post-conviction relief, was not properly advised about the filing deadline for filing a federal habeas corpus petition, and because the failure to consider his claims will result in a manifest miscarriage of justice. Petitioner maintains that the government will suffer no prejudice should this Court address his untimely claims on the merits. He again asserts his pro se incarcerated status as grounds for equitable tolling of the statute of limitations. He states that he was without the assistance of counsel and unable to hire an attorney until after the one-year statute of limitations had already expired. Petitioner additionally now argues that his claim of the denial of the effective assistance of counsel is timely, because it is premised on the Supreme Court's recent decision in *McCoy v. Louisiana*, -- U.S. --, 138 S. Ct. 1500 (2018).

These arguments are not well-taken. In *McCoy v. Louisiana*, the Supreme Court held:

> a defendant has the right to insist that counsel refrain from admitting guilt, even when counsel's experienced-based view is that confessing guilt offers the defendant the best chance to avoid the death penalty. . . . [I]t is the defendant's prerogative, not counsel's, to decide on the objective of his defense: to admit guilt in the hope of gaining mercy at the sentencing stage, or to maintain his innocence, leaving it to the State to prove his guilt beyond a reasonable doubt.

*Id.* at 1505. These are not the circumstances here. On November 10, 2015, Petitioner pleaded guilty, under the terms of his negotiated Plea Agreement, to two counts of sexual battery. The trial court sentenced him, pursuant to the joint

recommendation of the parties, to an aggregate term of ten years. Thus, *McCoy v. Louisiana* does not assist him.

Moreover, and as previously discussed, Petitioner's pro se incarcerated status, his lack of knowledge regarding the law, and his limited access to the prison's law library or to legal materials simply do not provide a sufficient basis for equitable tolling of the statute of limitations. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 751 (6th Cir. 2011) (citation omitted). These are conditions typical for many prisoners and do not rise to the level of exceptional circumstances. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004). Similarly, bad advice from a fellow inmate or other non-lawyers does not constitute grounds for equitable tolling of the statute of limitations. *Allison v. Smith*, No. 2:14–cv–10423, 2014 WL 2217238, at *5 (E.D. Mich. May 29, 2014) (citing *Smith v. Beightler*, 49 F. App'x 579, 580–81 (6th Cir. 2002); *United States v. Cicero*, 14 F.3d 199, 204–05 (D.C. Cir. 2000); *Henderson v. Johnson*, 1 F. Supp. 2d 650, 655 (N.D. Tex. 1998)). Claims that a petitioner did not have professional legal assistance, or that he was unable to retain counsel in a timely fashion to file his habeas petition likewise do not warrant equitable tolling of the statute of limitations. *See Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. Sept. 28, 2001) (citations omitted).

Here, applying the provision of 28 U.S.C. § 2244(d)(1)(A), Petitioner's judgment of conviction became final on December 10, 2015. He did not file an

appeal or pursue any other state action regarding his claims until December 8, 2016, when he filed a state post-conviction petition. The Ohio Supreme Court dismissed that action on May 9, 2018. Petitioner waited more than eight months, until January 21, 2019, to file this habeas corpus Petition. Under these circumstances, the record does not indicate that he acted diligently in pursuing relief.

Petitioner nonetheless argues that this case involves a manifest miscarriage of justice based on the denial of the effective assistance of counsel, his attorney's failure to request testing of unidentified DNA material, and because his guilty plea was coerced and involuntary, and his wife falsely accused him and fabricated evidence. He asserts that a competency evaluation would have provided grounds for a further reduction of the charges against him. However, Petitioner's allegations are without support. He has provided no new evidence of his actual innocence, without which he cannot make use of the actual-innocence gateway and escape AEDPA's statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Therefore, Petitioner has failed to establish that he is entitled to equitable tolling of the statute of limitations on this basis.

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court now considers whether to issue a certificate of appealability. *See* 28 U.S.C. § 2255(d). When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner

"has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

This Court is not persuaded that reasonable jurists would debate this Court's dismissal of Petitioner's claim as waived. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal would not be in good faith and that an application to proceed in forma pauperis on appeal should be **DENIED**.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**